**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT WILLIE JOHNSON,       :
      Petitioner              :        **No. 1:26-cv-01738**
                           :
      v.                   :        **(Judge Kane)**
                           :
FEDERAL MEDICAL CENTER     :
DEVENS, et al.,              :
      Respondents         :

**MEMORANDUM**

Currently before the Court is pro se Petitioner Robert Willie Johnson ("Johnson")'s petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court will transfer the petition to the United States District Court for the District of Massachusetts and direct the Clerk of Court to close the case.

**I.      BACKGROUND**

On August 13, 2025, pro se Petitioner Robert Willie Johnson ("Johnson") was charged by criminal complaint with false declaration in bankruptcy (18 U.S.C. § 152(3)), bankruptcy fraud (18 U.S.C. § 157), and falsification of bankruptcy records (18 U.S.C. § 1519), in the United States District Court for the Northern District of New York ("NDNY"). See United States v. Johnson, No. 25-mj-00236 (N.D.N.Y. filed Aug. 13, 2025), ECF No. 1.[1] Upon motion by the Government, the NDNY issued an Order on August 19, 2025, committing Johnson to the custody of the Attorney General of the United States so Johnson could receive a competency evaluation pursuant to 18 U.S.C. §§ 4241(a), 4247(b). See id., ECF No. 9. The NDNY then held a

---

[1] The Court takes judicial notice of the docket in Johnson's underlying criminal case. See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

competency hearing on November 14, 2025, and it issued an Order on November 17, 2025, finding Johnson incompetent to stand trial and committing him to:

> the custody of the Attorney General for a reasonable period, not to exceed four months, for psychiatric evaluation, examination, and treatment as is necessary to determine whether there is a substantial probability that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward, such treatment to be conducted in a suitable facility, as set forth herein and as designated by the Federal Bureau of Prisons ("BOP") . . . .

See id., ECF No. 25 at 1. On March 23, 2026, the NDNY issued an Amended Order again finding Johnson incompetent to stand trial and committing him for potential restoration of competency for an additional four months. See id., ECF No. 39 at 1. Johnson is currently confined at Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts.

Johnson commenced the instant action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the Clerk of Court docketed on June 24, 2026. (Doc. No. 1.) Johnson claims that he "is being illegally detained, kidnapped, human trafficked and accepted for institutional evaluations for monetary bribes and IRS tax benefits." See (id. at 1 (cleaned up)). He asserts that he challenges the NDNY's Orders determining that he was incompetent to stand trial and committing him for psychiatric evaluation, examination, and treatment. See (id. at 2). For relief, Johnson seeks his release from custody, dismissal of his criminal charges, $100 million in punitive damages, $200 million in "putative damages," and an order directing the "termination of employment for all responsible parties known and unknown." See (id. at 6 (cleaned up)).

## II.    LEGAL STANDARDS

### A.    Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See R. 4, 28 U.S.C. foll. §

2

2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it."); see also R. 4(b), 28 U.S.C. foll. § 2255 ("The judge who receives the motion must promptly examine it.").  Rule 4 may be applied in habeas cases brought under Section 2241.  See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)).").  "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Lonchar v. Thomas, 517 U.S. 314, 320 (1996); see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

B.      Section 2241 Habeas Petitions

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence."  See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas").  While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out."  See Woodall, 432 F.3d at 242, 243 (citation omitted).  As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody.  See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).

### III.    DISCUSSION

It plainly appears from the face of Johnson's Section 2241 habeas petition that this Court lacks jurisdiction to consider it.  A "[w]rit[] of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions."  See 28 U.S.C. § 2241(a).  Habeas jurisdiction is evaluated at the time the petition is filed.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) ("Insofar as Burkey was in BOP custody when he filed his habeas corpus petition under 28 U.S.C. § 2241, he has satisfied the 'in custody' jurisdictional requirement . . . ." (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968))); see also Dailey v. Pullen, No. 22-cv-01121, 2023 WL 3456696, at *2 (D. Conn. May 15, 2023) ("[H]abeas jurisdiction attaches on the initial filing for habeas relief, and a district court retains jurisdiction even when a petitioner is transferred after filing to the custody of a different custodian in a different judicial district." (citations omitted)); cf. Hope v. Warden York County Prison, 956 F.3d 156, 159 n.5 (3d Cir. 2020) ("For purposes of jurisdiction over an immigration-related habeas corpus claim, a petitioner must be in the 'custody' of the federal immigration agency at the time the petition is filed." (citations omitted)).  This means that "[w]henever a §2241 habeas petitioner seeks to challenge [their] present physical custody within the United States, [they] should name [their] warden as respondent and file the petition in the district of confinement."  See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); see also Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) ("It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action."); United States v. Allen, 124 F. App'x 719, 721 (3d Cir. 2005) (unpublished) (explaining that Section 2241 habeas petitions must be presented to "the district court in the United States District where the petitioner is incarcerated" (citing Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990)).

4

Here, Johnson is confined at FMC Devens, which is located within the territorial boundaries of the District of Massachusetts. See 28 U.S.C. § 101 ("Massachusetts constitutes one judicial district."). Thus, in accordance with Section 2241(a), the proper venue for this case is the District of Massachusetts, where Johnson and his custodian are located.

If a case such as the instant case is filed "in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see also id. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Here, although the Court recognizes that Section 2241 does not provide an avenue for Johnson to seek monetary damages or the termination of any employees, and it is generally "not the proper vehicle for [a pretrial detainee] to challenge [their] detention pending trial," see Reese v. Warden Philadelphia FDC, 904 F.3d 244, 246 (3d Cir 2018), the Court finds that it would be in the interest of justice and judicial economy to transfer this case to the District of Massachusetts. Accordingly, the Court will transfer this case to the United States District Court for the District of Massachusetts.

## IV.    DISCUSSION

For the reasons set forth above, the Court will transfer Johnson's Section 2241 habeas petition to the United States District Court for the District of Massachusetts and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
