**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERT WILLIE JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL MEDICAL CENTER DEVENS, et al.,<br><br>Respondents. | No. 1:26-cv-12975-JEK |

**ORDER**

**KOBICK, J.**

*Pro se* petitioner Robert Willie Johnson filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the Middle District of Pennsylvania on June 23, 2026, alleging that he was "being illegally detained, kidnap[p]ed, human trafficked and accepted for institutional evaluations for monetary bribes and IRS Tax Benefits." ECF 1, at 1. The next day, that court ordered Johnson to either pay the filing fee or file an application to proceed *in forma pauperis* within thirty days. ECF 2. Two days later, the court transferred this case to the District of Massachusetts, where Johnson is confined at Federal Medical Center Devens. ECF 4, 5, 6.[1]

Before requiring service and a response from the respondents, this Court may determine whether it appears from the face of Johnson's petition that he is entitled to relief. *See* 28 U.S.C. § 2243. Johnson challenges the basis for his pretrial detention, including the finding that he was

[1] Johnson was charged by criminal complaint with bankruptcy fraud offenses in the U.S. District Court for the Northern District of New York in August 2025. *United States v. Johnson*, No. 25-mj-236-MWP, ECF 2, at 1 (N.D.N.Y. Aug. 13, 2025). In March 2026, he was committed, pursuant to 18 U.S.C. § 4241(d), to the custody of the Attorney General for psychiatric examination, evaluation, and treatment. *Id.*, ECF 39 (N.D.N.Y. Mar. 23, 2026).

incompetent to stand trial. ECF 1, at 4-5. He also seeks his release from custody, dismissal of his criminal charges, $300 million in damages, and an order terminating the employment of those responsible. *Id.* at 6.

Habeas relief is available to a prisoner if he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). But where "Congress has set up a specific 'mechanism' to 'deal with [such claims]' . . . 'federal courts should refrain from entertaining' a habeas petition raising those very issues, at least until the statutory mechanism has run its course." *Cockerham v. Boncher*, 125 F.4th 11, 17 (1st Cir. 2024) (quoting *Boumediene v. Bush*, 553 U.S. 723, 795 (2008)). Here, the statute provides for further proceedings in the Northern District of New York, where Johnson's criminal complaint is pending, to determine whether he can be restored to competency and, in turn, whether he will stand trial. *See* 18 U.S.C. § 4241; *supra* note 1; *Wiener v. MIB Grp., Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("[F]ederal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quotation marks omitted)). Until those statutory proceedings conclude, habeas relief in this Court is premature. *See Burmaster v. Holland*, No. 17-6115, 2017 WL 2703648 (4th Cir. June 22, 2017) (affirming dismissal of section 2241 petition by an inmate committed for a psychological evaluation under 18 U.S.C. § 4241 for failing to exhaust available remedies through the commitment proceedings); *Holloway v. Bowers*, No. 26-cv-10631-IT, 2026 WL 696943, at *2 (D. Mass. Mar. 12, 2026) (dismissing habeas petition for that same reason). Dismissal is also appropriate because Johnson has failed to comply with the Middle District of Pennsylvania's June 24, 2026 order, as he has not paid the filing fee or filed a motion to proceed *in forma pauperis*. ECF 2; *see Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("disobedience of court orders . . . warrants dismissal").

Accordingly, the petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF 1, is DENIED, and this is action is DISMISSED without prejudice.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2026